UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR, | CASE NO. 1:06-cv-00926-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| PLEASANT VALLEY STATE PRISON, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff William Langston Meador ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 19, 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

///

1   "[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386. Plaintiff's allegations and exhibits establish that he did not exhaust the appeals process. (Doc. 1, pgs. 2, 4, 5, 43-45.) Pursuant to the Supreme Court's decision in Woodford, plaintiff failed to exhaust the administrative remedies as mandated by section 1997e(a).

"[E]xhaustion is *mandatory* under the PLRA and . . . unexhausted claims *cannot* be brought in court." Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *8 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524) (emphasis added). Because is it clear from the face of plaintiff's complaint that he did not exhaust prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 27, 2007                /s/ Dennis L. Beck
3b142a                                    UNITED STATES MAGISTRATE JUDGE