# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR, | CASE NO. 1:06-cv-00926-LJO-GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| PLEASANT VALLEY STATE PRISON, et al., | (Doc. 1) |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| _____/ | |

### Screening Order

Plaintiff William Langston Meador is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 19, 2006. It was dismissed by the Court on March 27, 2007, based on a finding that Plaintiff failed to exhaust prior to filing suit. On May 21, 2009, the Court's decision was reversed on appeal, and the action was remanded for further proceedings.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims Arising From Charge of Battery on a Peace Officer

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi. Plaintiff's claims arise from events which occurred while he was housed at Pleasant Valley State Prison in Coalinga. Plaintiff contends that Sergeants V. Khan and M. Bradford, Captain V. Quinn Robicheaux, Lieutenants D. Fischer and M. Brommel, Associate Warden J. M. Mattingly, and Warden James A. Yates violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution, and Plaintiff seeks damages resulting from the violation of his rights.

Plaintiff's claims arise out of an incident on June 16, 2004, in which he was allegedly falsely charged with battery on a peace officer by Defendant Khan, and placed in administrative segregation. (Doc. 1, Comp., court record pp. 6-8.) Plaintiff was subsequently found guilty and assessed an eleven month Security Housing Unit term. (Id.) Plaintiff alleges that Defendants Bradford and Quinn Robicheaux failed to promptly investigate and correct the charge against Plaintiff, Defendant Fischer was a supervisor at the time of the incident on June 16, 2004, Defendant Brommel found Plaintiff guilty of the charge, and Defendants Mattingly and Yates held supervisory positions at the prison.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). In this instance, Plaintiff's exhibits demonstrate that as a result of being found guilty of battery on a peace officer, Plaintiff lost time credits. (Comp., court record p. 51.) The credit loss affects the length of Plaintiff's sentence, and as a result, this action is barred until and unless Plaintiff succeeds in setting aside the credit loss via the prison's administrative process or a successful petition for writ of habeas corpus.

### III.     Conclusion and Order

Plaintiff's claims against Defendants are barred due to his time credit loss, and he therefore fails to state any claims upon which relief may be granted under section 1983. Because the deficiency is not capable of being cured through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), this action is HEREBY DISMISSED, without prejudice, for failure to state any claims under section 1983, and the Clerk of the Court SHALL enter judgment against Plaintiff.

IT IS SO ORDERED.

**Dated:     May 26, 2009**                     **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

3