# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR,<br><br>        Plaintiff,<br><br>    v.<br><br>PLEASANT VALLEY STATE<br>PRISON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00926-LJO-GSA PC<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 32) |

This action was filed by Plaintiff William Langston Meador, a state prisoner proceeding pro se and in forma pauperis, pursuant to 42 U.S.C. § 1983. On May 26, 2009, the Court dismissed the action for failure to state a claim upon which relief may be granted, and on July 14, 2009, Plaintiff filed a motion for reconsideration.[1]

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking

---

[1] In his motion, Plaintiff states that he is now housed at California State Prison-Solano and did not receive the dismissal order and judgment until July 6, 2009. The record does not reflect that Plaintiff filed a notice of change of address to CSP-Solano. Therefore, service of the order and judgment at the California Correctional Institution is deemed effective. Local Rule 83-182(f). As a courtesy, the Court will, at this time, direct the Clerk's Office to change Plaintiff's address to CSP-Solano.

reconsideration must show more than a disagreement with the Court's decision . . . ." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Court dismissed this action, without prejudice, because Plaintiff is challenging actions relating to a disciplinary hearing at which he lost time credits. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Plaintiff argues that he is not challenging his confinement or seeking speedier release, and is instead challenging the actions of prison officials who falsely accused him of battery and resisting arrest, failed to conduct an appropriate investigation, and imposed an unlawful Security Housing Unit term on him.

Plaintiff's arguments are without merit. As a result of being found guilty of the disciplinary charges, Plaintiff was assessed a SHU term and lost time credits. (Doc. 1, Comp., court record pp.6-8.) Because Plaintiff lost time credits, his sentence has been affected, and he is barred from seeking relief under section 1983 unless he invalidates the guilty finding through a petition for habeas corpus or the prison's internal grievance process. Id.

Plaintiff's motion for reconsideration of the dismissal of this action, filed July 14, 2009, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   July 16, 2009**             /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE